UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ADRIENNE DOWNING,

    Plaintiff,

v.

                                                    Case No. 2:23-cv-171-JLB-NPM

FLORIDA ADVENTURE AND RENTALS,
L.L.C., and ALYSSA GORDON LAHER,

    Defendants.
_____/

## ORDER

This matter comes before the Court on (i) the motion to dismiss filed by Defendant Florida Adventures and Rentals L.L.C. ("FAR") (Doc. 26), to which Plaintiff Adrienne Downing responded (Doc. 27); and (ii) Defendant Alyssa Gordon Laher's answer, which disputes this Court's subject-matter jurisdiction (Doc. 29 at 2, 12). For the following reasons, FAR's motion to dismiss is **GRANTED in part and DENIED in part**, and Plaintiff is **DIRECTED** to include in a second amended complaint a short and plain statement specifying the basis alleged for this Court's jurisdiction.

## BACKGROUND

Plaintiff's amended complaint expressly invokes this Court's admiralty jurisdiction and seeks damages and other relief against defendants resulting from a March 2021 jet-ski crash. (Doc. 23 at 1–2, 8–22). According to the amended complaint, Defendant FAR provided a guided, jet-ski tour of the Ten Thousand

Islands National Wildlife Refuge and rented personal watercraft to (among others) Plaintiff and Defendant Laher. (*Id.* at 2–4, 8). Plaintiff alleges that FAR did not provide adequate instruction and training to those on the tour and that the personal watercraft FAR rented to Defendant Laher was unseaworthy. (*Id.* at 4–12).

As to the location of the tour, Plaintiff contends that FAR's guide began the tour into Caxambas Bay, "a 'navigable' waterway, as that term is used in maritime law." (*Id.* at 4). But the amended complaint also alleges that the "narrow and winding waterway labyrinth of mangrove islands" where the tour and jet-ski crash occurred "was *not* 'navigable waters of the United States.'" (*Id.* at 10-11) (emphasis added).

Within this "narrow and winding waterway labyrinth of mangrove islands," Plaintiff contends that FAR's guide conducted the tour at a speed at which hazards in the waterway would not be seen in sufficient time to avoid them. (*Id.* at 10). Plaintiff asserts that Defendant Laher "inexplicably stopped" her personal watercraft in the middle of this waterway and, "because of a blind turn," Plaintiff had to take action to avoid colliding with Laher. (*Id.*) As a result, Plaintiff alleges, she crashed into the mangroves, receiving permanent bodily injuries. (*Id.* at 10–11).

The amended complaint asserts three counts against FAR: negligence, including violations of Fla. Stat. §§ 327.33 and 327.39 (Count I); strict vicarious liability under Florida's dangerous instrumentality doctrine (Count II); and a violation of Fla. Stat. § 327.54 (Count III). (*Id.* at 12–20). The amended complaint

also asserts one count of negligence against Laher, including violations of Fla. Stat. §§ 327.33 and 327.39 (Count IV).  (*Id.* at 20–22).

## DISCUSSION

### I.   The Court's jurisdiction

Plaintiff invokes this Court's admiralty jurisdiction under Article III, section 2 of the U.S. Constitution and 28 U.S.C. § 1333.  (Doc. 23 at 2).  But jurisdiction is disputed (Doc. 29 at 2, 12), and this Court is "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking."  *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (citation and internal quotation marks omitted).  To permit the parties to address, and this Court to resolve, subject-matter jurisdiction, the Court directs Plaintiff to include in a second amended complaint a short and plain statement specifying the basis alleged for this Court's admiralty jurisdiction.  Fed. R. Civ. P. 8(a)(1); *see, e.g.*, *Brownback v. King*, 141 S. Ct. 740, 750 (2021) (reiterating that "a federal court always has jurisdiction to determine its own jurisdiction") (citation and internal quotation marks omitted).

### II.   Defendant FAR's motion to dismiss

Because the Court has directed Plaintiff to submit a second amended complaint setting forth the basis for the Court's admiralty jurisdiction, the Court also addresses at this juncture that it agrees with Defendant FAR's motion to dismiss, in part.  Specifically, the Court agrees that Plaintiff's amended complaint commingles claims and fails to provide sufficient notice.  (*See* Doc. 26 at 1–2, 4–5).

Indeed, although the three counts against FAR are separately titled (i.e., negligence, strict vicarious liability, and a violation of Fla. Stat. § 327.54), each of

3

the three counts incorporates the first 60 paragraphs of the complaint.  (*See* Doc. 23 at 12–13, 16, 17).[1]  Within these 60 paragraphs, the amended complaint (i) invokes multiple legal sources (*see, e.g., id.* at 4–9 (citing the National Association of State Boating Law Administrators' approved boater safety course; Fla. Stat. § 327.54; the Florida Fish and Wildlife Conservation Commission's "personal watercraft rules and safety tips"[2]; Florida Administrative Code ("FAC") 68D-36.107(1) and (3); Fla. Stat. § 327.39(6)(b); and Fla. Stat. § 327.02(32))), and (ii) references multiple potential claims (*see, e.g., id.* at 5–12 (failure to provide pre-rental or pre-ride instruction, in violation of Fla. Stat. § 327.54(3)(e); failure to provide the minimum training required by FAC 68D-36.107(1); failure to provide an on-water demonstration and check ride required by FAC 68D-36.107(3); and unseaworthiness of Defendant Laher's personal watercraft)).  The Court's list is merely illustrative.  By realleging the first 60 paragraphs into each count, Plaintiff "cumulatively restates" her allegations, "making it 'virtually impossible to know which allegations ... are intended to support which claim(s) for relief.'"  *Real v. Moran*, No. 22-12770, 2023 WL 6891273, at *1 (11th Cir. Oct. 19, 2023) (quoting *Anderson v. District Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Moreover, the Court agrees with FAR that, within the counts, the amended complaint appears to allege multiple claims.  (*See* Doc. 26 at 4).  For example, in the

---

[1]   The fourth count, against Laher, likewise incorporates the first 60 paragraphs of the complaint.  (*Id.* at 20–21).

[2]   The "rules and safety tips" were attached to the original complaint (*see* Doc. 1, Exh. A), but are *not* attached to the amended complaint.  (*See* Doc. 23).

4

negligence count against FAR (Count I), the amended complaint includes allegations of failure to train; reckless navigation; negligent entrustment; failure to warn; and negligent supervision. (Doc. 23 at 13–15). Upon review of the amended complaint, the Court concludes that it does not give adequate notice of the claims against FAR and the grounds on which each claim rests. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Plaintiff may accordingly file a second amended complaint that cures these deficiencies. Although Plaintiff suggests FAR's motion to dismiss may have attacked only Counts I and III (*see* Doc. 27 at 12), the Court reads FAR's motion to address all the counts against it (*see* Doc. 26 at 2). Regardless, Plaintiff has leave to amend her complaint to ensure claims are not commingled and to provide adequate notice of the claims against the defendants.

Finally, FAR argues that dismissal is further warranted because Plaintiff signed a release and assumption-of-risk form, which "released FAR from all legal claims, including 'claims which allege negligent acts or omissions of FAR.'" (Doc. 26 at 5–7; *see id.* at Exh. 1 (the release form)). The amended complaint, however, alleges that Plaintiff "did not execute" the release form and did not "authorize any person to sign one on her behalf." (Doc. 23 at 4; *see* Doc. 27 at 15). Because the Court at this stage must accept the complaint's factual assertion as true, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007), Defendant FAR's motion to dismiss on this ground is denied.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

1. Plaintiff is **DIRECTED** to include in a second amended complaint a short and plain statement specifying the basis alleged for this Court's admiralty jurisdiction.

2. Defendant FAR's motion to dismiss (Doc. 26) is **GRANTED in part and DENIED in part**.

3. Plaintiff must file a second amended complaint no later than 14 days from the date of this Order. Otherwise, this matter may be dismissed with prejudice without further notice.

**ORDERED** at Fort Myers, Florida on November 6, 2023.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE